**SCHIAN WALKER, P.L.C.**

1850 NORTH CENTRAL AVENUE, #900
PHOENIX, ARIZONA 85004-4531
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
DALE C. SCHIAN, #010445
SCOTT R. GOLDBERG, #015082
Proposed Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>DOLCE BORGATA, LLC, an Arizona limited liability company; DOLCE SALON & SPA, L.L.C., an Arizona limited liability company; DOLCE ARROWHEAD, LLC, an Arizona limited liability company; DOLCE OPERATIONS CO., LLC, an Arizona limited liability company; DOLCE & COMPANIES CORPORATION, an Arizona corporation,<br><br>Debtors. | Case No. 2-14-bk-01939-BMW<br><br>CHAPTER 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>2-14-bk-2011<br>2-14-bk-2015<br>2-14-bk-2056<br>2-14-bk-2058 |
| THIS FILING APPLIES TO:<br><br>_X_ All Debtors<br><br>___ Specified Debtors | **DECLARATION OF DALE C. SCHIAN PURSUANT TO BANKRUPTCY RULES 2014(a) AND 2016(b) AS PROPOSED COUNSEL FOR DEBTORS** |

I, DALE C. SCHIAN, hereby declare:

1. I am an attorney duly admitted to practice in the Courts of the State of Arizona, the United States District Court for the District of Arizona, and the United States Bankruptcy Court for the District of Arizona.

2. I am a managing member of the law firm of Schian Walker, P.L.C. (the "Firm"), which has been requested to serve as general bankruptcy counsel to the Debtors. I submit this declaration in support of the *Application to Employ Schian Walker, P.L.C. as Counsel for the Debtors, and Request for Knudsen Procedures*.

3. In compliance with the disclosure requirements contained in Bankruptcy Rule 2014(a), the Firm has investigated its relationships, if any, with (a) the Debtors, (b) the Office of the United States Trustee, and (c) all creditors and parties-in-interest in the Debtors' cases that are known to the Firm. In addition to the foregoing, I have inquired of all the Firm's professionals with respect to any potential conflict or connections to any of the persons or entities previously identified.

4. To the best of the Firm's knowledge, the Firm does not have any connection adverse to the interests of the Debtors, and has no connection with the Debtors, creditors, any other parties-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as disclosed herein.

5. The Firm's attorneys have practiced in United States Bankruptcy Court for the District of Arizona Phoenix, Arizona for many years. As a result, the Firm and its attorneys have many contacts with the professionals that may become involved in these cases. However, none of these contacts represents an interest that is adverse to the Debtors' interests. And, except as otherwise disclosed in these proceedings, the Firm does not believe that it represents any creditor in this case or in any other matter that is not related to this case.

6. The Firm was retained by the Debtors on or about February 4, 2014 to provide financial and restructuring services and to prepare the Debtors for a possible bankruptcy filing. The Debtors paid an initial retainer of $50,000 to the Firm, while the Firm received an additional $6,070 from the Debtors' prior counsel that had been held in trust for the Debtors, and that, upon information and belief, had been reserved to pay bankruptcy filing fees if a bankruptcy filing was going to take place. On February 19, 2014 and February 20, 2014, the Debtors filed their bankruptcy cases in this Court, and the $6,070 was used to pay their bankruptcy filing fees of $6,065. On or about February 18, 2014, all of the Firm's pre-bankruptcy fees and the remainder of its pre-bankruptcy costs, totaling $31,201.00 were paid in full. Accordingly, as of February 19, 2014, the Firm was not a creditor of the Debtors, and is not a creditor in their bankruptcy cases.

7. As more fully set forth in the *Motion to Authorize Use of Proposed Cash Management System* [DE 7], the Debtors and their non-debtor affiliates operate as a common business enterprise with a consolidated cash management system. Expenses are maintained by location; however, certain expenses, such as payroll, are incurred at the retail locations but paid through the operating company. Additionally, the consolidated company has greater purchasing power and shares certain expenses, such as insurance, marketing and accounting, which are paid by the operating entity and then allocated among the retail stores based upon their relative sales. This results in intercompany debt among the Debtors.

8. In accordance with § 329 of the Bankruptcy Code, the Firm proposes to charge its usual and customary fees for its services. Unless otherwise disclosed, the Firm's fees and costs will be paid from the Debtors' operations.

9. The Debtors have been informed that the Firm's hourly rates for professionals are not intended to cover out-of-pocket expenses. The Firm regularly charges its clients, both inside and outside of bankruptcy cases, for the expenses and disbursements incurred in connection with its representation. These expenses include, among other things, telephone and telecopier charges, document processing, photocopying charges, package delivery charges, travel charges, charges for mailing, travel expenses, expenses for "working meals," computerized research and transcription costs.

10. Other than as set forth above, no promises have been made to the Firm or to any member or associate thereof as to compensation other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity, other than with its own members, associates, and employees, to share any compensation it receives in connection with these Chapter 11 proceedings.

11. Neither the Firm, nor any of its members, associates or employees, insofar as I have been able to ascertain, represents an interest adverse to the Debtors herein in the matters upon which the Firm is to be engaged.

12. No agreement that 18 U.S.C. § 155 prohibits has been made.

///

| | |
|---|---|
| 1 | I declare under penalty of perjury that the foregoing is true and correct. |
| 2 | DATED this  5th  day of March, 2014. |
| 3 | SCHIAN WALKER, P.L.C. |
| 5 | By  /s/   DALE C. SCHIAN, #010445 |
| 6 | Dale C. Schian<br>Proposed Attorneys for Debtors |

COPY of the foregoing
e-mailed this  5th  day
of March, 2014, to:

Elizabeth C. Amorosi, Esq.
U.S. Trustee's Office
230 North First Avenue, #204
Phoenix, Arizona 85003-1706
elizabeth.c.amorosi@usdoj.gov

  /s/    DEBBI STEPHENS